IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper Ken King, | C/A No. 0:11-2571-JMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| C.O. Johnson; Mr. Holland; Lt. Fulton; and Captin Coleman, | |
| Defendants. | |

The plaintiff, Kipper Ken King ("King"), a self-represented pre-trial detainee, filed this civil rights action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on King's motion to voluntarily dismiss his case without prejudice, (ECF No. 60), which is opposed by the defendants (ECF No. 65). Having carefully considered the parties' submissions and the applicable law, the court finds that King's motion should be conditionally granted.

On May 24, 2012, King moved for this matter to be dismissed without prejudice due to his current health condition. (ECF No. 60.) Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss his action without order of court after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. In this case, Defendants Fulton and Johnson have filed motions to dismiss based on improper service of process, Defendants Coleman and Holland have filed an Answer, and all defendants have filed a motion for summary judgment. All defendants expressly object to a dismissal without prejudice, asserting that

they expended a significant amount of time, expenses, and resources in preparing their answers and motions. Therefore, King's action may not be dismissed without leave of court.

In response to King's motion to dismiss under Rule 41, the defendants note that they would consent to a dismissal of the action *with* prejudice. (ECF No. 65 at 4.) To date, King has not filed any reply to this response or otherwise responded in opposition. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). To establish plain legal prejudice, a defendant must show some harm other than the mere prospect of a second lawsuit. See Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384 (4th Cir. 2001); see also Fed. R. Civ. P. 41(d) (permitting the court to order a plaintiff who has previously dismissed an action based on or including the same claim against the same defendant to pay all or part of the costs of the previous action and to stay the new case until the plaintiff has complied). Nonetheless, under appropriate circumstances, a district court may dismiss an action under Rule 41(a)(2) with prejudice. See Choice Hotels Int'l Inc.v. Goodwin and Boone, 11 F.3d 469, 471 (4th Cir. 1993). In deciding whether to dismiss an action pursuant to Rule 41(a)(2), a court should consider factors such as (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) an insufficient explanation of the need for a dismissal; and (4) the present state of the litigation. Miller v. Terramite Corp., 114 Fed. Appx. 536, 540 (4th Cir. 2004) (unpublished) (citing Phillips USA, Inc., v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)). Significant to the fourth factor

PJG

is whether a motion for summary judgment has been filed. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 (3d ed. 2008); see also Seligman v. Tenzer, 173 Fed. Appx. 280 (4th Cir. 2006) (unpublished). This list of important factors is not exclusive; the court may consider any relevant factors depending on the circumstances presented in the case. Wright & Miller, supra § 2364 (discussing Fourth Circuit law).

In this case, the court recognizes that the defendants have incurred expenses in filing an answer, motions to dismiss,[1] and a motion for summary judgment. It appears that King attempted to dismiss his case before the defendants filed their motion for summary judgment, although King's motion was not received by the Clerk of Court until May 24, 2012 and was not entered on the docket until May 25, the same day that the defendants electronically filed their motion. Moreover, King has provided a sufficient explanation of the need for a voluntary dismissal. Therefore, after weighing the above-stated factors, the court finds dismissal without prejudice to be appropriate. See Phillips USA, Inc., 77 F.3d at 358.

## RECOMMENDATION

For the foregoing reasons, the court recommends that King's motion to dismiss (ECF No. 60) be granted and the Complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). However, in light of the defendants' effort and expenses of filing their motion for summary judgment,[2] the court further recommends that as a condition of dismissal without

---

[1] Defendants Fulton and Johnson sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for insufficient process or service of process. Had they prevailed on this motion, dismissal would have been without prejudice. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992).

[2] The court observes that the defendants' motion for summary judgment consists of a twenty-five page memorandum in support, and sixty-nine pages of exhibits.



prejudice, King be required, if he re-files this action at a later date, to pay the defendants' attorneys' fees associated with filing their motion for summary judgment in addition to any costs that would be permitted under Federal Rule of Civil Procedure 41(d). The court further recommends that all other pending motions be terminated. (ECF Nos. 20, 21, 40, 41, 53, 59.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).