IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| Kipper Ken King, | ) |
|     Plaintiff, | ) Civil Action No. 0:11-cv-02571 |
| vs. | ) **O R D E R** |
| C.O. Johnson; Mr. Holland; Lt. Fulton; and Captin Coleman, | ) |
|     Defendants. | ) |

Plaintiff Kipper Ken King, proceeding pro se, filed this action pursuant to 42 U.S.C.§1983 alleging a violation of his constitutional rights. This matter is before the court on the Plaintiff's Motions for Appointment of Counsel. [Doc. 13] and the Magistrate Judge's Report and Recommendation [Doc. 68], filed on June 18, 2012, recommending that Plaintiff's Motion to Dismiss [Doc. 60] be granted and the Complaint be dismissed without prejudice. The Report and Recommendation further recommends that as a condition of dismissal without prejudice, that the Plaintiff be required, if he re-files this action at a later date, to pay the defendants' attorneys' fees associated with filing their Motion for Summary Judgment in addition to any costs that would be permitted under Federal Rule of Civil Procedure 41(d). The Report and Recommendation further recommends that all other pending motions be terminated. [Docs. 20, 21, 40, 41, 53, 59]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

Plaintiff was advised of his right to file objections to the Report [Doc. 68 at 5]. However, Plaintiff filed no objections to the Report.

1

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

There is no right to appointed counsel in § 1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). However, such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the pro se litigant's ability to prosecute it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir.1984), abrogated on other grounds by *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the Plaintiff be denied due process if an attorney were not appointed. *Id.* Accordingly, the Plaintiff's request for a discretionary appointment of counsel [Doc. 53] under 28 U.S.C. § 1915(e)(1) is

**DENIED**. Plaintiff's Motion to Dismiss [Doc. 60] is **GRANTED** and the Complaint is **DISMISSED** without prejudice [Doc. 1]. However, Plaintiff is required, if he re-files this action at a later date, to pay Defendants' attorneys' fees associated with filing their Motion for Summary Judgment in addition to any costs that would be permitted under Federal Rule of Civil Procedure 41(d). Furthermore, all other pending motions are **DISMISSED** as moot. [Docs. 20, 21, 40, 41, 59].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 28, 2012